IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BRANDON LEE SMITH, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 7 : 08-CV-60 (HL) |
| | : | |
| DR. BROWN and SONYA BRADLEY, | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the defendants' motions for summary judgment and the plaintiff's motion to amend.  The undersigned notified the plaintiff of the filing of the defendants' motions, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order

*Background*

The plaintiff filed this action in May 2008, raising allegations that he failed to receive proper medical care for his HIV positive status while confined at the Thomas County Jail between December 2007 and June 2008.  Defendant Brown is a physician who is employed at the Thomas County Jail on a contract basis, and defendant Bradley is a medical officer at the jail. In his complaint, the plaintiff states that "I filled out a sick call list [on May 2, 2008] and was told that he would not ceck [sic] me for what I put on the sick call.  He refused me medical help."  Both of the defendants maintain that they were never made aware that the plaintiff is HIV positive, nor did   any indication in his medical records put them on notice of such a condition.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  The defendants have supported their motion for summary judgment with their affidavits and the pleadings and motions on file.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry.  First, a plaintiff must set forth evidence of an objectively serious medical need.  Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need."  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted).  "[D]eliberate

indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

In their affidavits, the defendants testify that, in regard to the plaintiff's most recent incarceration at the Thomas County Jail, he was booked into the jail in December 2007. At that time, the plaintiff stated that he had no health problems, and his medical questionnaire gave no indication that he is HIV positive. Plaintiff's prior medical records sent from a hospital to facilitate the plaintiff's enrollment in a mental health treatment program gave no indication of an HIV positive status for the plaintiff. Throughout April 2008 through May 2008, the plaintiff sought and received medical attention at the jail for a variety of ailments, none of which included or indicated an HIV positive status. The plaintiff has not filed a substantive response to the defendants' motions.

The deliberate indifference standard has both an objective and a subjective component. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). "Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference." *Adams v. Poag*, 61 F.3d 1537, 1543 (11th

Cir. 1995).

Viewing the facts in the light most favorable to the plaintiff, the nonmoving party herein, it is clear that the plaintiff has failed to overcome the defendants' summary judgment showing that they did not act with deliberate indifference to any serious medical condition suffered by the plaintiff. The defendants' affidavits, which remain uncontroverted by the plaintiff, establish that the defendants examined and provided treatment for the plaintiff while he was confined at the Thomas County Jail and that the defendants were unaware of any HIV positive status for the plaintiff. Thus, the plaintiff has failed to overcome the defendants' showing that they had no knowledge of any serious medical condition suffered by the plaintiff and that they did not act with deliberate indifference to any of plaintiff's medical needs.

To the extent that the plaintiff argues that he required a different course of treatment, including additional treatment by a specialist, additional x-rays, and more or different prescription medications, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [does not] support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).

Accordingly, it is the recommendation of the undersigned that the defendants' motions for summary judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Plaintiff's Motion to Amend is hereby **DENIED** as moot, as therein plaintiff merely seeks to clarify his claims, and does not change or add to his original claims.

**SO ORDERED AND RECOMMENDED**, this 25th day of August, 2009.


  /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb